No. DA 06-0166

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 315N

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

GEORGE WILLIAM PARRISH,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DV-05-778(A),
The Honorable Ted O. Lympus, Presiding Judge.

COUNSEL OF RECORD:

    For Appellant:

        George William Parrish (pro se), Deer Lodge, Montana

    For Respondent:

        Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

        Ed Corrigan, Flathead County Attorney; Daniel M. Guzynski, Deputy
County Attorney, Kalispell, Montana

_____

Submitted on Briefs:  October 18, 2006

Decided:  December 5, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     A jury in the Eleventh Judicial District Court, Flathead County, convicted George William Parrish of two counts of sexual intercourse without consent and two counts of sexual assault.  We affirmed the convictions on direct appeal.  *See State v. Parrish*, 2005 MT 112, 327 Mont. 88, 111 P.3d 671.  Here, Parrish appeals the District Court's denial of his petition for postconviction relief.  We affirm.

¶3     Parrish, who appears pro se, lists seven issues in his brief on appeal.

¶4     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  The issues Parrish raises on appeal are clearly controlled by settled Montana law.  The issues concerning two of his claims--that his trial counsel was ineffective for failing to timely pursue a *Batson* challenge and that the trial judge should have independently held a *Batson* hearing--were or could have been raised on direct appeal and, as a result, may not be raised in a petition for postconviction relief.  *See Ford v. State*, 2005 MT 151, ¶ 14, 327 Mont. 378, ¶ 14, 114 P.3d 244, ¶ 14 (citation omitted).

Parrish's remaining claims are barred because he did not support them with appropriate facts and legal authority as required by § 46-21-104(1)(c) and (2), MCA.

¶5     Affirmed.

/S/ KARLA M. GRAY

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS